Valdez relies upon DeLeon v. United States, 5 Cir. 1966, 355 F.2d 286. But the abuse of discretion there found was premised upon the appellant's claim that he did not understand the charge when he originally entered his guilty plea. Here Valdez offers no reason apart from his indecisiveness nor does he attack the validity of his guilty plea.

We cannot say, under these circumstances, that the denial of the motion was an abuse of discretion. *See* United States v. McDaniel, 5 Cir. 1970, 425 F.2d 813; Bell v. United States, 5 Cir. 1969, 412 F.2d 773.

The judgment of the district court is affirmed.

Warner R. Wilson, Jr., Skinner, Wilson & Beals, Atlanta, Ga., for intervenor-appellant.

Taylor W. Jones, Mitchell, Pate & Anderson, Atlanta, Ga., for plaintiffs-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

Charles E. SLAGLE, by next friend, Margaret Slagle, Plaintiffs-Appellees,

v.

ENGINEERING & EQUIPMENT COMPANY, Defendants,

Aetna Casualty & Surety Company, Intervenor-Appellant.

No. 71–1975

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1971.

Ronald A. BARRETT, Plaintiff, Appellee,

v.

FOSTER GRANT CO., Inc., Defendant and Third-Party Plaintiff, Appellant,

v.

TRANSFORMER SERVICE, INC., Third-Party Defendant, Appellee.

No. 71–1115.

United States Court of Appeals, First Circuit.

Heard Sept. 10, 1971.

Decided Nov. 5, 1971.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.